UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE MOORE LAW GROUP, A.P.C., *et al.*,<br><br>  Defendants.<br>_____/ | No. C-14-0613 EMC<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE AND FAILURE TO RESPOND TO A COURT ORDER** |

Plaintiff Nick Makreas ("Plaintiff") initiated this lawsuit against Defendant The Moore Law Group, A.P.C. ("Moore") and Defendant Citibank (South Dakota), N.A. ("Citibank"), asserting claims related to the alleged collection of debts, including (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA") against Defendant Moore only; (2) violation of the federal Fair Credit Reporting Act ("FCRA"); (3) violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (4) violation of Telephone Consumer Protection Act ("TCPA") against Defendant Moore only; and (5) invasion of privacy and violation of California's Business and Professions Code § 6077.5. *See* Docket No. 1. Plaintiff is proceeding in pro se.

Pending before the Court are Defendants' motions to dismiss the complaint in its entirety on the basis of the doctrines of res judicata and/or collateral estoppel, California's litigation privilege pursuant to Cal. Civil Code § 47, and Plaintiff's failure to state a claim upon which relief should be granted pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). *See* Docket Nos. 13, 15. Plaintiff has failed to oppose or to respond to either motion. On July 29, 2014, the Court issued an order to show cause as to why the case should not be dismissed on the basis of, *inter alia*, (1) the doctrines of res judicata

United States District Court
For the Northern District of California

and/or collateral estoppel and (2) for failure to state a claim upon which relief should be granted pursuant to Rule 12(b)(6). Specifically, Plaintiff was ordered to show cause as to why his prior case, *Makreas v. The Moore Law Group, et al.,* C-11-2406-MMC (N.D. Cal. May 17, 2011), which reached a final judgment, does not bar relitigation of those issues and/or claims previously considered by the court. *See e.g. Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). As for the claims not previously litigated, Plaintiff was ordered to show cause as to why they should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6). The Court continued the hearing on Defendants' motions for three weeks to provide Plaintiff with ample time to respond to the Court's order. *See* Docket No. 20. However, Plaintiff failed to respond to the Court's order and also failed to appear at the hearing on August 28, 2014. Accordingly, for the reasons stated on the record as well as those stated herein, the Court **GRANTS** the motion to dismiss on the basis of Plaintiff's failure to prosecute and to respond to a court order pursuant to Rule 41(b).

Specifically, the Court finds that four of the five factors which the Ninth Circuit directs courts to weigh in deciding whether dismissal is appropriate under Rule 41(b) are met. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (district courts must weigh several factors including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions"); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (a district court has the discretion to dismiss under Rule 41(b) where at least four factors support dismissal or three strongly support dismissal).

The first two factors strongly support dismissal because the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket has been hindered by Plaintiff's unreasonable delay in prosecuting his claims and failure to respond to the Court. The third factor also strongly supports dismissal because Defendants would suffer a risk of prejudice should this case proceed in light of Plaintiff's unreasonable delay. *See Hernandez*, 138 F.3d at 401 (a presumption of prejudice arises from a failure to prosecute because "the law presumes an injury to the defendant from an unreasonable delay"); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("to prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's

1  ability to proceed to trial or threatened to interfere with the rightful decision of the case"). Last, the
2  fifth factor is met because the Court has considered and utilized less drastic alternatives, including
3  issuing an order to show cause as to why the case should be dismissed on the merits and held a
4  hearing to provide Plaintiff the opportunity to appear in person.

5        The only factor that does not strongly support dismissal pursuant to Rule 41(b) is that the
6  public favors disposition on the merits. However, even had the Court chosen to rule on the merits of
7  Defendants' unopposed motions to dismiss, the bulk of Plaintiff's claims would be precluded under
8  the doctrine of res judicata. *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir.
9  2001) (res judicata is applicable where there is "(1) an identity of claims, (2) a final judgment on the
10 merits, and (3) identity or privity between parties"). Plaintiff filed an almost identical complaint
11 against the same Defendants on May 17, 2011, asserting violations of the FDCPA, FCRA, the
12 California Rosenthal Act, and Unfair Competition ("Prior Federal Action"). *See Makreas v. The*
13 *Moore Law Group, et al.,* C-11-2406-MMC (N.D. Cal. May 17, 2011); Def. Citibank Request for
14 Judicial Notice ("Citibank RJN") at Ex. 1 Docket No. 16-1. All claims were fully litigated, the case
15 was terminated on April 26, 2012, and the Ninth Circuit affirmed the dismissal on July 3, 2014. *See*
16 Case Management Statement Ex. 1 (Ninth Circuit Memorandum), Docket No. 25. The majority of
17 Plaintiff's claims asserted in the instant action would have been barred because these claims arise
18 from "the same transactional nucleus of facts" as the Prior Federal Action. *Owens*, 244 F.3d at 714.
19 To the extent Plaintiff's claims were based on facts occurring after the Prior Federal Action was
20 terminated, the claims appear in large part meritless and would likely have been dismissed pursuant
21 to Rule 12(b)(6).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Regardless, because four of the five *Henderson* factors are met, the Court finds dismissal appropriate for failure to prosecute or respond to a court order. The Court hereby **GRANTS** dismissal pursuant to Rule 41(b).

This order disposes of Docket Nos. 13 and 15. The Clerk shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 4, 2014

_____
EDWARD M. CHEN
United States District Judge